**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ANTHONY STEBBINS,<br><br>            Plaintiff - Appellant,<br><br>   v.<br><br>JOHN DOE, DBA Creetosis; YOUTUBE, LLC,<br><br>            Defendants - Appellees. | No. 24-4992<br><br>D.C. No. 4:24-mc-80179-HSG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted January 22, 2025**

Before:   CLIFTON, CALLAHAN, and BENNETT, Circuit Judges.

David Anthony Stebbins appeals pro se from the district court's order barring the filing of his complaint pursuant to a vexatious litigant pre-filing review order. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's determination that a complaint fails to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We review for an abuse of discretion its determination of frivolousness. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). We affirm in part, reverse in part, and remand.

The district court properly determined that Stebbins failed to allege facts sufficient to state a plausible claim for copyright infringement of his channel icon, libel, intentional infliction of emotional distress, or conspiracy. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (discussing doctrines of copyright liability); *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (elements of a claim for intentional infliction of emotional distress under California law); *Taus v. Loftus*, 151 P.3d 1185, 1209 (Cal. 2007) (elements of a defamation claim under California law); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 457 (Cal. 1994) (in bank) (explaining there is no tort liability for a conspiracy absent "the commission of an actual tort").

However, Stebbins alleged that he owns valid copyrights on four videos and that defendant John Doe reproduced those videos in their entirety. Liberally construed, these allegations were "sufficient to warrant ordering [defendants] to

file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv., Co.*, 499 U.S. 340, 361 (1991) (explaining that a claim for copyright infringement has two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original"); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (explaining that a complaint is frivolous "where it lacks an arguable basis either in law or in fact").

In sum, we affirm the district court's order to the extent it rejected Stebbins's claims for copyright infringement of his channel icon, libel, intentional infliction of emotional distress, and conspiracy. We reverse in part and remand to permit the proposed complaint to proceed only as to the claims for copyright infringement regarding the four videos. We express no view on the merits of Stebbins's claims or the availability of any defenses.

Stebbins's motion to file a supplemental brief (Docket Entry No. 19) is denied.

**AFFIRMED in part, REVERSED in part, and REMANDED.**