1

2

3

4　　　　　　　　　　　UNITED STATES DISTRICT COURT

5　　　　　　　　　　NORTHERN DISTRICT OF CALIFORNIA

6

7　　DAVID A. STEBBINS,　　　　　　　　Case No. 25-cv-04499-JSW

8　　　　　　　　　Plaintiff,

9　　　　　v.　　　　　　　　　　　　**ORDER DENYING WITHOUT
　　　　　　　　　　　　　　　　　　　PREJUDICE MOTION FOR ISSUANCE
10　　JOHN DOE, et al.,　　　　　　　　OF SUBPOENA DUCES TECUM**

11　　　　　　　　　Defendants.　　　　　Re: Dkt. No. 7

12

13　　　　　Now before the Court is Plaintiff David A. Stebbin's motion for issuance of subpoena

14　duces tecum pursuant to 17 U.S.C. section 512(h).  Stebbins seeks to subpoena Defendant

15　YouTube LLC for "[t]he legal name, latest known address, and (if known) phone number(s) of the

16　individual account [sic] holder who owns and operates the YouTube account associated with the

17　URL of https://www.youtube.com/channel/UCKMErrXK2DuGk8uWLFANOtQ [Creetosis'

18　channel]."  (Dkt. No. 8-1, Proposed Subpoena.)

19　　　　　Section 512(h) permits a copyright owner to request the issuance of a subpoena "to a

20　service provider for identification of an alleged infringer."  17 U.S.C. § 512(h)(1).  A request for a

21　subpoena under Section 512(h) must include the following:

22　　　　　(A)　　a copy of a notification described in subsection (c)(3)(A);

23　　　　　(B)　　a proposed subpoena; and

24　　　　　(C)　　a sworn declaration to the effect that the purpose for which the subpoena is sought

25　　　　　　　　　is to obtain the identity of an alleged infringer and that such information will only

26　　　　　　　　　be used for the purpose of protecting rights under this title [Title 17].

27　*Id.*  A notification under subsection (c)(3)(A) alerts service providers to a right holder's contention

28　that its work has been infringed.  *See id.* ¶ 512(c)(3)(A).

United States District Court
Northern District of California

1   Here, Stebbins submits a copy of a subsection (c)(3)(A) notification, a subpoena, and a

2   declaration.  The notification and proposed subpoena are sufficient under the statute, but the

3   declaration is not.

4   Stebbins' affidavit states that the purpose of the subpoena "is to obtain the identity of the

5   infringer Creetosis" and that the subpoena "will only be used for that purpose."  (Dkt. No. 7-7,

6   Sworn Statement in Support of Motion for Issuance of Subpoena.)  This is not adequate under the

7   statute.  Stebbins must affirm that he will only use the information obtained through the subpoena

8   for the purpose of protecting rights under Title 17 of the United States Code.  *See* 17 U.S.C. §

9   512(h)(1)(C); *see also, e.g.*, *Signature Mgmt. Team, LLC v. Automattic, Inc.*, 941 F. Supp. 2d

10  1145, 1148 (N.D. Cal. 2013) (finding declaration sufficient which states: "I declare under penalty

11  of perjury that to my knowledge the purpose for which the subpoena is sought is to obtain the

12  identity of an alleged infringer **and that such information will only be used for the purpose of**

13  **protecting rights under title 17 USC § 100, et seq.**") (emphasis added).

14  Accordingly, the motion is DENIED, WITHOUT PREJUDICE.  Stebbins shall file a

15  renewed motion, if any, by August 4, 2025.

16  **IT IS SO ORDERED.**

17  Dated: July 21, 2025

18

19  JEFFREY S. WHITE
    United States District Judge

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

2