LAURA HERNANDEZ, State Bar No. 344641
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: lhernandez@wsgr.com

JEREMY P. AUSTER (*pro hac vice application forthcoming*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: jauster@wsgr.com

*Counsel for Defendant YouTube, LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>        Plaintiff,<br><br>     v.<br><br>JOHN DOE et al.,<br><br>        Defendants. | Case No.: 4:25-cv-04499-JSW<br><br>**DEFENDANT YOUTUBE, LLC'S RESPONSE TO PLAINTIFF'S MOTION TO STAY**<br><br>Action Filed: May 23, 2025 |

Plaintiff David Stebbins admits in his Motion for Partial Stay of Proceedings (ECF No. 26, the "Stay Motion" or "Mot.") that his remaining copyright infringement claims in this case against YouTube and Doe defendant "Creetosis" are "effectively identical in merit" (*id.* ¶ 3) to his claims against the same defendants in the related case *Stebbins v. Alphabet Inc. et al.*, Case No. 22-cv-00546-JSW (the "Related Case"), which this Court recently dismissed because the allegedly infringing Creetosis videos were "fair use as a matter of law," Related Case, ECF No. 75 at 6 ("Dismissal Order"). *See also* Related Case, ECF No. 85 ¶ 9 (Stebbins admitting that his claims in this case "involve[] secondary uses," *i.e.*, Creetosis videos, "whose case for fair use is nearly identical" to the Related Case). Stebbins' admissions confirm that he is yet again vexatiously litigating over fair-use criticism.

Because Stebbins is proceeding *in forma pauperis*, the Court "**shall** dismiss the case ***at any time*** if the court determines that" the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B) (emphasis added); *see also* ECF No. 15 (discussing statutory requirements). The Stay Motion confirms that what remains of Stebbins' Complaint in this case fails to state a claim on which relief may be granted for the same reason (fair use) as his "effectively identical" claims in the Related Case. YouTube respectfully submits that dismissal under Section 1915(e)(2)(B) is appropriate. Stebbins should not be permitted to continue his crusade "against his critics" with baseless copyright claims that needlessly tax judicial and party resources. *Stebbins v. Google LLC*, 2023 WL 6139454, at *10 (N.D. Cal. Aug. 31, 2023), *appeal filed* No. 24-1936 (9th Cir. April 1, 2024).

Separately, Stebbins now seeks to stay this proceeding pending his requested interlocutory appeal of the Dismissal Order in the Related Case, arguing that the resolution of such an appeal, if allowed, "would greatly inform how the district court should act in this case." Mot. ¶ 3. YouTube takes no position on Stebbins' motion for an interlocutory appeal in the Related Case. Related Case, ECF No. 85. Insofar as that motion is granted and an appeal proceeds, YouTube believes that an affirmance by the Ninth Circuit of this Court's Dismissal Order would be dispositive in

this case, given Stebbins' admission that the two cases are "effectively identical." Mot. ¶ 3.[1] If the

Court agrees, or if Stebbins stipulates that he will voluntarily dismiss any remaining claims against

YouTube in this case with prejudice if the Dismissal Order is affirmed, then YouTube would not

oppose a stay of this proceeding.[2] Otherwise, this case should be allowed to proceed so that

YouTube may present another motion to dismiss based on fair use (and other defenses) to the

Court.

Dated: August 11, 2025                    Respectfully submitted,

                                          WILSON SONSINI GOODRICH & ROSATI
                                          Professional Corporation


                                          By:  /s/ Laura Hernandez
                                          Laura Hernandez, State Bar No. 344641
                                          One Market Plaza, Spear Tower, Suite 3300
                                          San Francisco, California 9105
                                          Telephone: (415) 947-2000
                                          Facsimile: (866) 974-7329
                                          E-mail: lhernandez@wsgr.com

                                          Jeremy P. Auster (*pro hac vice application
                                          forthcoming*)
                                          1301 Avenue of the Americas, 40th Floor
                                          New York, New York 10019
                                          Telephone: (212) 999-5800
                                          Facsimile: (866) 974-7329
                                          E-mail: jauster@wsgr.com

                                          *Counsel for Defendant YouTube, LLC*

---

[1] *See, e.g., Revn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (explaining that the doctrine of issue preclusion "bars relitigation of issues adjudicated in an earlier proceeding" where, *inter alia*, "the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated"); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) (issue preclusion serves "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.").
[2] If a stay is granted, Stebbins' request for the issuance of a subpoena to YouTube should be rejected. Mot. ¶ 3. Stebbins should not be afforded *early* discovery *during* a stay to pursue his meritless copyright claims.