David Stebbins (pro se Plaintiff)   123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947   acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                    PLAINTIFF

VS.                              Case 3:25-cv-04499-JSW

JOHN DOE, d.b.a. CREETOSIS                                               DEFENDANTS

## REPLY IN CONTINUED SUPPORT OF MOTION
## FOR PARTIAL STAY OF PROCEEDINGS

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Reply in Continued Support of Motion for Partial Stay of Proceedings.

**There can be no § 1915(e) dismissal or motion to dismiss, because the Court of Appeals has already adjudicated that matter.**

1. The corporate defendants ask this Court to dismiss the matter under 28 USC § 1915(e) (formerly § 1915A). The Court cannot do that.

2. The Court of Appeals has already ruled on this matter once. See Dkt. 2 ("Stebbins alleged that he owns valid copyrights on four videos and that defendant John Doe reproduced those videos in their entirety. Liberally construed, these allegations were sufficient to warrant ordering [defendants] to file an answer") (citations and quotations omitted).

3. The Court is bound to follow the Court of Appeals' decision in this case. Otherwise, appeal is not a remedy for erroneous district court judgments at all, but is instead an entirely performative gesture that has no practical effect.

4. Nor can this case be dismissed on a motion to dismiss, for the same reason. First, the judgment of the Court of Appeals specifically calls for an *Answer* (aka under Rule 7(a)(2)), which is distinct from a Motion to Dismiss.

5. Furthermore, because the Court of Appeals already overturned a dismissal under § 1915(e), that necessarily includes any dismissals under FRCP 12(b)(6). A dismissal under § 1915(e) (formerly § 1915A) is subject to the same standard a motion to dismiss under Rule 12(b)

(6). See Wilhelm v. Rotman, 680 F. 3d 1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). This standard, derived from Rule 12(b)(6), also applies to the dismissal of claims under § 1915A") (citations and quotations omitted). Therefore, what disposes of one necessarily disposes of the other.

6. Therefore, what the Defendants are asking for is already disallowed.

**The defendants have given no good reason why this stay, and the corresponding leave to appeal, should not be granted.**

7. The defendants have attempted to place conditions on their non-opposition to the requested stay and its corresponding leave to appeal, but in the event they oppose both or either, they have not given any actual reason why the stay or corresponding leave to appeal should not be granted. All they offer is that the case "should be allowed to proceed so that YouTube may present another motion to dismiss."

8. However, as I already explained, that is not allowed anyway.

9. Therefore, this is no reason why the stay and leave to appeal should not be granted.

### Conclusion

10. Wherefore, premises considered, I respectfully pray that the Motion for Stay be granted. So requested on this, the 11th day of August, 2025.

*/s/ David Stebbins*
David Stebbins
