No. 24-4992

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

DAVID A. STEBBINS,

*Plaintiff-Appellant*,

v.

JOHN DOE, DBA CREETOSIS AND YOUTUBE, LLC,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Northern District of California
Case No. 4:24-mc-80179-HSG
Hon. Haywood S. Gilliam, Jr.

---

**DEFENDANT-APPELLEE YOUTUBE, LLC'S
MOTION FOR CLARIFICATION**

JEREMY P. AUSTER
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
jauster@wsgr.com

*Attorney for Defendant-Appellee YouTube, LLC*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, the undersigned counsel for Defendant-Appellee YouTube, LLC ("YouTube") states as follows:

- YouTube is a subsidiary of Google LLC, which is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company. No publicly traded company holds more than 10% of Alphabet Inc.'s stock.

Date: October 8, 2024

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

 /s/ *Jeremy P. Auster*
    Jeremy P. Auster

*Attorneys for Defendant-Appellee YouTube, LLC*

## MOTION FOR CLARIFICATION

YouTube, LLC ("YouTube") respectfully seeks clarification regarding the briefing schedule entered in this appeal, which requires YouTube to file an answering brief by November 1, 2024. *See* Dkts. 2, 13. YouTube does not believe that it is a proper party to this appeal, and therefore seeks the Court's guidance on how to proceed.[1]

*Pro se* Plaintiff-Appellant David Stebbins is a twice-declared vexatious litigant with a more than decade-long history of filing frivolous lawsuits and appeals across the country. In recent years, he has filed numerous baseless copyright lawsuits in the Northern District of California against YouTube, its affiliates Google LLC and Alphabet Inc., and third-party users of the YouTube service. On August 21, 2023, the Honorable Trina L. Thompson of the Northern District issued an order dismissing one of Plaintiff's lawsuits against Google LLC with prejudice and declaring Plaintiff a vexatious litigant in the Northern District of California. *Stebbins v. Google LLC*, 2023 WL 6139454, at *10-11 (N.D. Cal. Aug. 31, 2023) (the "Screening Order"). The Screening Order requires, *inter alia*, pre-filing screening and approval by the Northern District duty judge of: (1) "any future actions against Google LLC, YouTube LLC, Alphabet Inc., or any of their affiliates"; and

---

[1] Counsel for YouTube previously called the Clerk's Office to raise the issues addressed herein, and was advised to file the instant motion for clarification.

1

(2) "any claim of copyright infringement or copyright-related claims against any defendant[.]"[2] *Id.*

The instant appeal arises from an order applying the Screening Order to bar Plaintiff from filing another copyright infringement lawsuit against YouTube. On June 21, 2024, Plaintiff sought leave to file a copyright complaint against YouTube and a third-party user of the YouTube service. *See Stebbins v. Doe d/b/a Creetosis*, No. 4:24-mc-80179-HSG (N.D. Cal. filed June 21, 2024), D. Ct. Dkt. 1.[3] Pursuant to the Screening Order, the Honorable Haywood S. Gilliam, Jr. reviewed the complaint and barred its filing, directing the clerk "to close this miscellaneous file without permitting filing of the complaint." *Id.*, D. Ct. Dkt. 18 at 2. Judge Gilliam found that the complaint "repeat[ed] the same types of claims that have been repeatedly dismissed" by other courts in the Northern District and that it was "frivolous and meritless[.]" *Id.*

Because Plaintiff's complaint was not accepted for filing, no complaint was ever served on YouTube and YouTube never formally appeared in the case prior to its termination. YouTube therefore does not believe that it is a proper party to this

---

[2] Plaintiff has appealed the Screening Order, and Google recently filed its answering brief in that appeal. *See Stebbins v. Google LLC*, No. 24-1936, Dkts. 15, 22 (9th Cir. filed Apr. 1, 2024). This Court also recently affirmed in full the dismissal of yet another copyright lawsuit that Plaintiff filed against YouTube's affiliates. *See Stebbins v. Polano*, No. 23-15531, Dkt. 32 (9th Cir. Aug. 28, 2024).

[3] Plaintiff's proposed complaint erroneously named YouTube, LLC as a defendant, even though YouTube's parent company, Google LLC, provides the YouTube service.

2

appeal. *See, e.g.*, *Haugen v. Bertsch*, No. 97-15306, 141 F.3d 1176 (9th Cir. 1998) (affirming application of vexatious litigant order to deny *pro se* plaintiff leave to file a complaint); *id.* at Dkt. 22 ("No appellee's brief will be filed in this case."). If the Court would nonetheless like YouTube to defend the district court's application of the Screening Order to bar Plaintiff's complaint, YouTube is prepared to do so. However, YouTube believes that it would frustrate the purpose of the Screening Order if YouTube was required to incur the burdens associated with answering appeals from orders barring Plaintiff from filing lawsuits deemed frivolous, particularly given the prolific volume of his lawsuits and appeals. YouTube therefore respectfully requests clarification as to whether YouTube is expected or required to file an answering brief in this appeal.[4]

---

[4] Separately, on October 3, 2024, this Court issued an order permitting Plaintiff to proceed *in forma pauperis* in this appeal because he "was permitted to proceed in forma pauperis in the district court." Dkt. 13. YouTube wishes to clarify for the Court that at the time the district court granted Plaintiff leave to proceed *in forma pauperis* below (D. Ct. Dkt. 6), the district court was "not aware of the vexatious-litigant order" (D. Ct. Dkt. 10), which also requires screening of Plaintiff's *in forma pauperis* applications. *See Stebbins v. Google*, 2023 WL 6139454, at *11.

3

Date: October 8, 2024                Respectfully submitted,

                                             WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ *Jeremy P. Auster*
Jeremy P. Auster
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
jauster@wsgr.com

*Attorney for Defendant-Appellee*
*YouTube, LLC*

4

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32 and Circuit Rule 28.1-1, the undersigned counsel for Defendant-Appellee YouTube, LLC certifies that this brief complies with the appellate type-volume limitations and type-face requirements. The brief contains 707 words, excluding portions exempted by Fed. R. App. P. 32(f), and has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point, Times New Roman font.

Date: October 8, 2024               Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ *Jeremy P. Auster*
Jeremy P. Auster
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
jauster@wsgr.com

*Attorney for Defendant-Appellee YouTube, LLC*

5

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished through the appellate CM/ECF system.

Date: October 8, 2024

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ *Jeremy P. Auster*
Jeremy P. Auster
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
jauster@wsgr.com

*Attorney for Defendant-Appellee YouTube, LLC*