LAURA HERNANDEZ, State Bar No. 344641
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: lhernandez@wsgr.com

JEREMY P. AUSTER (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: jauster@wsgr.com

Counsel for Defendant YouTube, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID A. STEBBINS, | Case No.: 4:25-cv-04499-JSW |
| Plaintiff, | **YOUTUBE, LLC'S ADMINISTRATIVE MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND ALL ASSOCIATED DEADLINES** |
| v. | |
| JOHN DOE et al., | |
| Defendants. | Action Filed: May 23, 2025 |

**ADMINISTRATIVE MOTION**

Pursuant to Civil Local Rules 7-11 and 16-2(d), and Fed. R. Civ. P. 26(c), Defendant YouTube, LLC ("YouTube") respectfully requests an order continuing the upcoming Initial Case Management Conference, including all associated deadlines, pending resolution of YouTube's forthcoming motion to dismiss in this action.

**BACKGROUND**

Plaintiff David Stebbins has a fifteen-year history of filing meritless and wasteful lawsuits across the country. In August 2023, in a prior case against YouTube's parent company, Google LLC, Stebbins was declared a vexatious litigant in this District for his pattern of filing frivolous copyright claims "against his critics." *Stebbins v. Google LLC*, 2023 WL 6139454, at *10 (N.D. Cal. Aug. 31, 2023), *appeal filed* No. 24-1936 (9th Cir. April 1, 2024). It was his second vexatious litigant determination. Most recently, this Court dismissed another one of Stebbins' copyright cases against YouTube with prejudice, finding that the allegedly infringing videos—posted to YouTube by a third-party YouTube user under the pseudonym "Creetosis"—were "fair use as a matter of law." *Stebbins v. Alphabet Inc.*, Case No. 4:22-cv-00546-JSW (the "Related Case"), Dkt. No. 75, Order Granting Motion to Dismiss, at 6.[1]

This matter is more of the same. Stebbins originally filed his complaint on June 17, 2024, asserting a panoply of claims against YouTube and Creetosis. *See generally* Dkt. 4, Complaint. Judge Gilliam screened and barred Stebbins' complaint from being filed. *Stebbins v. John Doe et al.*, Case No. 4:24-mc-80179-HSG, Dkt. No. 18 (Aug. 13, 2024). Stebbins appealed, and the Ninth Circuit reversed in part, allowing Stebbins to proceed "only as to the claims for copyright infringement regarding the four videos." Dkt. No. 2, USCA Memorandum. On remand, this Court

---

[1] Stebbins has sought permission to seek interlocutory review of the Court's order. Related Case, Dkt. No. 85.

conducted an IFP screening and dismissed with prejudice Stebbins' infringement claims relating to the "Morrowind Retrospective" video, one of the same videos that the Court found to be fair use as a matter of law in the Related Case. Dkt. No. 15, Screening Order. The Court allowed Stebbins' remaining copyright infringement claims to proceed, and set an Initial Case Management Conference ("CMC") for September 12, 2025. *Id.* at 5. The parties' case management statements are due September 5, 2025. As of this filing, YouTube has not yet been served with the summons and complaint. Once served, YouTube intends to file another motion to dismiss based on fair use (and other defenses).

To limit the burdens of what YouTube believes to be yet another meritless Stebbins lawsuit targeting fair-use criticism, YouTube respectfully requests that the Court continue the CMC, including all associated deadlines, until after resolution of YouTube's motion to dismiss, just as the Court did in the Related Case before it dismissed Stebbins' claims with prejudice. YouTube's motion to dismiss, if granted, will dispose of any claims against YouTube (and Creetosis, given the fair-use defense), obviating the need for the CMC and any associated deadlines.[2]

## ARGUMENT

Courts have "broad discretion" to continue case management conferences and associated deadlines "pending the disposition of a dispositive motion." *Hamilton v. Rhoads*, 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011). Under Federal Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Arcell v. Google LLC*, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (quoting Fed. R. Civ. P. 26(c)(1)). This Court and others routinely exercise this discretion to

---

[2] The undersigned counsel for YouTube emailed Stebbins regarding this administrative motion on August 18, 2025 and asked whether Stebbins would stipulate to the requested continuance. *See* Declaration of Jeremy P. Auster in Support of YouTube's Administrative Motion ¶ 2. Stebbins did not respond. *Id.*

continue case management conferences pending resolution of a dispositive motion. *See, e.g., Heck v. Amazon.com, Inc.*, No. 3:22-cv-03986-JSW (N.D. Cal. Oct. 6, 2022), Dkt. No. 40 (White, J.) (order vacating CMC and noting that it would be rescheduled after the court resolved the pending motion to dismiss); *Jacksonville Police Officers & Fire Fighters Health Ins. Tr. v. Gilead Scis., Inc.*, No. 4:20-cv-06522-JSW (N.D. Cal. Oct. 27, 2022), Dkt. No. 85 (White, J.) (same). Indeed, in the Related Case, this Court granted YouTube's motion to continue the CMC and all related deadlines pending the resolution of YouTube's motion to dismiss, which the Court ultimately granted, mooting any need for the CMC and its associated deadlines. *See* Related Case, Dkt. No. 66; *see also Stebbins v. Google LLC*, No. 3:23-cv-00322-TLT (N.D. Cal. Apr. 3, 2023), Dkt No. 47 (granting request to continue CMC and related deadlines); *id.*, 2023 WL 6139454, at *5-8 (granting motion to dismiss and dismissing Stebbins' claim with prejudice). YouTube respectfully requests that the Court exercise that same discretion here.

A continuance of the CMC and its associated deadlines is particularly appropriate in this context as it should spare YouTube and the Court from devoting unnecessary time and resources contending with Stebbins' vexatious behavior in another case that is likely to be dismissed. Stebbins has endlessly burdened courts and his counterparties with frivolous lawsuits and tactics. *See Stebbins v. Google*, 2023 WL 6139454, at *3, *10 (discussing Stebbins' "extensive" history of abusing the judicial system). Despite being declared vexatious for a *second* time, Stebbins' abuses continue. *See, e.g., Stebbins v. Moon*, 2025 WL 312524, at *11 (S.D.W. Va. Jan. 27, 2025) (recommending denial of Stebbins' IFP application given his "improper" copyright claims); *Stebbins v. Moon*, 2025 WL 309052, at *1 (S.D.W. Va. Jan. 27, 2025) (recommending denial of Stebbins' motion for access to "the Court's CM/ECF system" because "the Court must protect itself and the orderly administration of its docket from Plaintiff's well-documented history of abusive filings"); *Stebbins v. CMDR ImperialSalt et. al.*, No. 8:24-cv-01486-JVS-KES (C.D. Cal. Dec. 13,

2024), Dkt. No. 112 at 11 (issuing order to show cause why Stebbins "should not be sanctioned $1,500 for filing a motion with the Court based on false claims"). Stebbins' litigation history strongly suggests that if the CMC and its associated deadlines are not continued before a ruling on YouTube's motion, he will continue to waste party and judicial resources.[3] Granting the requested continuance should mitigate this undue burden and expense. *See, e.g.*, *Yamasaki v. Zicam LLC*, 2021 WL 3675214, at *2 (N.D. Cal. Aug. 19, 2021) (granting similar request where "both party and judicial resources will be most efficiently used" if court first "decides the pending motion to dismiss."). Here, Stebbins *admits* that the fair-use defense for the allegedly infringing Creetosis videos in this case is "effectively identical in merit" to the Related Case (Dkt. No. 26 ¶ 3), where this Court held that the at-issue Creetosis videos were obvious fair uses. *See* Related Case, Dkt. No. 75. Stebbins should not be permitted to waste party and judicial resources over admittedly indistinguishable and similarly meritless claims in this action.[4]

Stebbins will not be prejudiced by a continuance of the CMC and associated deadlines. *Yamasaki*, 2021 WL 3675214, at *2 (granting stay where there was "minimal risk of prejudice"). All the videos at issue in this case were removed from YouTube more than a year ago (Dkt. No. 4,

---

[3] Stebbins has baselessly argued that the Ninth Circuit's remand order somehow precludes YouTube from exercising its right to move to dismiss Stebbins' claims under Fed. R. Civ. P. 12(b)(6). *See* Dkt. No. 34. But the Ninth Circuit's memorandum order says no such thing. The court merely remanded the case to "permit the proposed complaint to proceed" as to certain copyright claims, while expressly noting that "[w]e express no view on the merits of Stebbins's claims or the availability of any defenses." Dkt. No. 2 at 3.

[4] As YouTube stated in its response (Dkt. No. 33) to Stebbins' motion to stay this case pending any interlocutory appeal in the Related Case (Dkt. No. 26), YouTube believes that dismissal under the *in forma pauperis* statute is also appropriate given Stebbins' admissions that his remaining claims are "effectively identical" to his dismissed claims in the Related Case. YouTube also believes that an order in any interlocutory appeal affirming this Court's dismissal order in the Related Case should be dispositive here.

Complaint, ¶¶ 42, 45, 47, 53), and the CMC can be rescheduled after the Court rules on YouTube's forthcoming motion to dismiss.

## CONCLUSION

For the foregoing reasons, YouTube respectfully requests that the Court continue the CMC, including all associated deadlines, until it rules on YouTube's forthcoming motion to dismiss.

Dated: August 19, 2025

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  /s/ *Jeremy P. Auster*
Jeremy P. Auster (admitted *pro hac vice*)
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
E-mail: jauster@wsgr.com

Laura Hernandez, State Bar No. 344641
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
E-mail: lhernandez@wsgr.com

*Counsel for Defendant YouTube, LLC*