LAURA HERNANDEZ, State Bar No. 344641
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: lhernandez@wsgr.com

JEREMY P. AUSTER (*admitted pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: jauster@wsgr.com

*Counsel for Defendant YouTube, LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE et al.,<br><br>    Defendants. | Case No.: 4:25-cv-04499-JSW<br><br>**YOUTUBE, LLC'S REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF MATERIALS INCORPORATED BY REFERENCE**<br><br>Action Filed: May 23, 2025 |

In considering Defendant YouTube, LLC's ("YouTube") contemporaneously filed Motion to Dismiss ("Motion"), YouTube respectfully requests that the Court take judicial notice of and/or order incorporated by reference the following documents:

1. Plaintiff's YouTube video titled "Dark Souls Retrospective - Dark Souls Sucks, and Here's Why," which is publicly available at the following URL: https://www.youtube.com/watch?v=HoTjSldDT3Y (*see* Compl. ¶ 11);

2. A copy of the allegedly infringing livestream video that Plaintiff alleges was posted to YouTube by third-party YouTube user "Creetosis" on March 21, 2022, and was previously publicly available on YouTube at https://www.youtube.com/watch?v=M9qg-EH4B3s ("Dark Souls Reaction"). *See* Compl. ¶ 38. A true and correct copy of Google LLC's (YouTube's parent company) internal preservation copy of the Dark Souls Reaction video is attached as **Exhibit A** to the accompanying Declaration of Aamir Hasnat ("Hasnat Decl.");

3. Plaintiff's YouTube video titled "Elden Ring Sucks, and Here's Why," which is publicly available at: https://www.youtube.com/watch?v=m0iT_TFcaFE (*see* Compl. ¶ 13);

4. Copies of the allegedly infringing livestream video that Plaintiff alleges "Creetosis" posted to YouTube on March 23, 2022 and reposted again on or around September 15, 2023, and was previously publicly available on YouTube at https://www.youtube.com/watch?v=_PTKmJExF7s (original copy) and https://www.youtube.com/watch?v=FzBVXURXaOw (reposted copy, and together the "Elden Ring Reaction"). *See* Compl. ¶¶ 43, 46. A true and correct copy of Google LLC's internal preservation copies of the Elden Ring Reaction video are attached as **Exhibit B** (the original copy) and **Exhibit C** (the reposted copy) to the Hasnat Decl.;

5. Plaintiff's YouTube video titled "Maybe YOU'RE the ones ducking ME!," which is publicly available at: https://www.youtube.com/watch?v=5bxs8fq9rl8 (*see* Compl. ¶ 15);

6. A copy of the allegedly infringing livestream video that Plaintiff alleges "Creetosis" posted to YouTube between May 18, 2022 and May 25, 2022, titled "Morning Roast #2: Stabbins

Cries Foul,"[1] which was previously publicly available on YouTube at https://www.youtube.com/watch?v=X6oSbgPitQ4. Compl. ¶ 51. Attached as **Exhibit 1** to the Declaration of Jeremy P. Auster ("Auster Decl.") is a true and correct copy of this video that is currently publicly available at https://odysee.com/@Creetosis:a/morning-roast-2-stabbins-cries-foul:8.

7.  A true and correct copy of a screenshot of the Odysee webpage for the "Morning Roast #2: Stabbins Cries Foul" video, attached as **Exhibit 2** to the Auster Decl.

8.  The Internet Archive's Wayback Machine archived version of https://www.youtube.com/watch?v=X6oSbgPitQ4, which is available at https://web.archive.org/web/20220913005329/https://www.youtube.com/watch?v=X6oSbgPitQ, and includes a playable copy of the "Morning Roast #2: Stabbins Cries Foul" video as it existed on YouTube at the aforementioned URL on September 13, 2022. A true and correct copy of a screenshot of the Wayback Machine's archived webpage is attached as **Exhibit 3** to the Auster Decl.

9.  A copy of the allegedly infringing video that Plaintiff alleges "Creetosis" posted to YouTube between May 18, 2022 and May 25, 2022, titled "Morning Roast #3: REEEEEEEEEEEEEEE,"[2] which was previously publicly available on YouTube at https://www.youtube.com/watch?v=hzF8q1NXn7g. Compl. ¶ 51. Attached as **Exhibit 4** to the Auster Decl. is a true and correct copy of this video that is currently publicly available at https://odysee.com/@Creetosis:a/morning-roast-3-reeeeeeeeeeeeeee:c.

10. A true and correct copy of a screenshot of the Odysee webpage for the "Morning Roast #3: REEEEEEEEEEEEEEE" video, attached as **Exhibit 5** to the Auster Decl.

11. A copy of the allegedly infringing video that Plaintiff alleges "Creetosis" posted to YouTube between May 18, 2022 and May 25, 2022, titled "Morning Roast #4: Turkey Man Gobbles Threateningly,"[3] which was previously publicly available on YouTube at https://www.youtube.com/watch?v=etenf1aJKFA. Compl. ¶ 51. Attached as **Exhibit 6** to

---

[1] The Complaint refers to this video as Part 1 of the "Ducking Reaction" series. Compl. ¶ 51(a).
[2] The Complaint refers to this video as Part 2 of the "Ducking Reaction" series. Compl. ¶ 51(b).
[3] The Complaint refers to this video as Part 3 of the "Ducking Reaction" series. Compl. ¶ 51(c).

the Auster Decl. is a true and correct copy of this video that is currently publicly available at https://odysee.com/@Creetosis:a/morning-roast-4-turkey-man-gobbles:7.

12. A true and correct copy of a screenshot of the Odysee webpage for the "Morning Roast #4: Turkey Man Gobbles Threateningly" video, attached as **Exhibit 7** to the Auster Decl.

13. A copy of the allegedly infringing video that Plaintiff alleges "Creetosis" posted to YouTube between May 18, 2022 and May 25, 2022, titled "Morning Roast #5: Finishing Turkey Man's Duck Video,"[4] which was previously publicly available on YouTube at https://www.youtube.com/watch?v=dKN8ivNC8BI. Compl. ¶ 51. Attached as **Exhibit 8** to the Auster Decl. is a true and correct copy of this video that is currently publicly available at https://odysee.com/@Creetosis:a/morning-roast-5-finishing-turkey-man's:4.

14. A true and correct copy of a screenshot of the Odysee webpage for the "Morning Roast #5: Finishing Turkey Man's Duck Video" video, attached as **Exhibit 9** to the Auster Decl.

15. A true and correct copy of a screenshot of the Internet Archive's Wayback Machine archived version of https://www.youtube.com/watch?v=dKN8ivNC8BI, available at https://web.archive.org/web/20230510161556/https://www.youtube.com/watch?v=dKN8ivNC8BI, which is attached as **Exhibit 10** to the Auster Decl. This archived webpage depicts the webpage for the video titled "Morning Roast #5: Finishing Turkey Man's Duck Video" as it existed on YouTube at the aforementioned URL on May 10, 2023.

As set forth below, the Court may take judicial notice and/or order incorporated by reference these documents, and may properly consider them on YouTube's Motion.

## <u>ARGUMENT</u>

On a motion to dismiss, the Court may consider facts that are judicially noticeable. *See, e.g.*, *Arroyo v. AJU Hotel Silicon Valley LLC*, 2021 WL 2350813, at *2 (N.D. Cal. Mar. 16, 2021). The court may take judicial notice of a fact that is "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Separately, under the incorporation-by-reference doctrine, on a motion to dismiss,

---

[4] The Complaint refers to this video as Part 4 of the "Ducking Reaction" series. Compl. ¶ 51(d).

materials are properly before the Court where their "contents are alleged in a complaint and [their] authenticity no party questions," even if such materials "are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted); *see also Stebbins v. Alphabet, Inc.*, 2025 WL 2233208, at *2-3 (N.D. Cal. July 2, 2025) (finding allegedly infringing livestream videos previously available on YouTube incorporated by reference where the complaint "relie[d] extensively on the videos" and the videos were "central to [Stebbins'] copyright infringement claims"). Here, each of the exhibits identified above are subject to judicial notice and/or incorporation by reference.

**Stebbins' Videos and Creetosis' Reaction Videos.** Stebbins' Complaint is replete with references to and allegations concerning the contents of his own YouTube videos and Creetosis' allegedly infringing livestream videos. *See* Compl. ¶¶ 26-32, 38-53, 90-112. The content of these videos forms the basis of Stebbins' claims for copyright infringement. *See id.* Given the nature of copyright infringement claims—which require a comparison of the copyrighted work and allegedly infringing work—"[c]ourts frequently employ judicial notice and the incorporation-by-reference doctrine to consider the content of materials in copyright infringement cases at the motion to dismiss stage." *Whitehead v. Netflix, Inc.*, 2022 WL 17342602, at *8 (N.D. Cal. Nov. 30, 2022). This Court has previously found the contents of Stebbins' YouTube videos and Creetosis' YouTube videos to be incorporated by reference in dismissing Stebbins' claims with prejudice and holding that Creetosis' livestream videos were "fair use as a matter of law." *Stebbins v. Alphabet*, 2025 WL 2233208, at *2-7; *see also*, *e.g.*, *Stebbins v. Google LLC*, 2023 WL 6139454, at *6 (N.D. Cal. Aug. 31, 2023) (incorporating by reference Stebbins' copyrighted YouTube video and allegedly infringing YouTube content); *Gadh v. Spiegel*, 2014 WL 1778950, at *3 (C.D. Cal. Apr. 2, 2014) (incorporating by reference motion picture at heart of copyright infringement claim); *FLIR Sys., Inc. v. Sierra Media, Inc.*, 2011 WL 1832806, at *3 (D. Or. May 10, 2011) (YouTube videos). The same result should follow here, and the Court should find Stebbins' and Creetosis' videos incorporated by reference and consider them in ruling on YouTube's Motion.

**Wayback Machine and Odysee Webpages.** "In general, websites and their contents may be judicially noticed." *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139,

146 (N.D. Cal. 2020). The Wayback Machine and Odysee webpages are subject to judicial notice because they appear on publicly accessible websites "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts routinely take notice of publicly accessible webpages—including Wayback Machine archives and screenshots from public websites. *See*, *e.g.*, *Threshold Enters.*, 445 F. Supp. 3d at 146 (taking judicial notice of "screenshots and printouts of websites of the parties and other third parties not involved in this lawsuit, social media websites, and information and news websites"); *Parziale v. HP, Inc*, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020) (Wayback Machine archive). The Court may take judicial notice of documents that satisfy the requirements of Rule 201, even if the documents are not referenced in the plaintiff's complaint. *See*, *e.g.*, *Tech Data Corp. v. AU Optronics Corp.*, 2012 WL 3236065, at *4 n.2 (N.D. Cal. Aug. 6, 2012) (taking judicial notice of agreements not referenced in complaint); *Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1123 (N.D. Cal. 2017) (same, for SEC filings and media reports).

Here, the Wayback Machine and Odysee webpages are currently publicly available online and there is no basis for Plaintiff to question their existence or accuracy. As a result, the Court should take judicial notice of them and consider them in connection with YouTube's Motion.

## CONCLUSION

For these reasons, YouTube respectfully requests that the Court consider the above-referenced video files and documents in connection with YouTube's Motion to Dismiss.

1  Dated: September 17, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  /s/ *Jeremy P. Auster*
Jeremy P. Auster (*admitted pro hac vice*)
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
E-mail: jauster@wsgr.com

Laura Hernandez, State Bar No. 344641
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
E-mail: lhernandez@wsgr.com

*Counsel for Defendant YouTube, LLC*