LAURA HERNANDEZ, State Bar No. 344641
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: lhernandez@wsgr.com

JEREMY P. AUSTER (*admitted pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: jauster@wsgr.com

*Counsel for Defendant YouTube, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS, | Case No.: 4:25-cv-04499-JSW |
| Plaintiff, | **YOUTUBE, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE (Dkt. 48)** |
| v. | |
| JOHN DOE et al., | Action Filed: May 23, 2025 |
| Defendants. | |

1     Plaintiff David Stebbins continues to litter this Court's docket with vexatious filings. On September 17, 2025, YouTube, LLC filed a motion to dismiss Stebbins' Complaint with prejudice. Dkt. 45 ("Motion"). Rather than respond to YouTube's Motion in the normal course, Stebbins moved to strike the Motion later that evening. Dkt. 48 ("MTS"). The MTS repeats an argument that this Court already rejected—that the Ninth Circuit's remand order (Dkt. 2, "Order") required YouTube to file an answer to Stebbins' Complaint and somehow revoked YouTube's right, *in absentia* (since YouTube had not even been served), to move to dismiss under Rules 12(b)(6) and 8. *See* MTS. Stebbins' position is frivolous.

    Stebbins has already twice unsuccessfully attempted this gambit. He first made this argument in connection with his motion for a partial stay of proceedings, arguing that the Ninth Circuit's Order "specifically calls for an Answer" and therefore YouTube could not file a motion to dismiss. *See* Dkt. 34. Stebbins repeated this same argument in his opposition to YouTube's motion to continue the initial case management conference. *See* Dkt. 39 (arguing YouTube's motion to continue the CMC is "moot" because "[t]he Court of Appeals has already ruled" that "there cannot be a motion to dismiss in this case"). The Court denied Stebbins' motion for stay (Dkt. 41), and granted YouTube's motion to continue, vacating the initial case management conference and all associated deadlines until "after [a] ruling on YouTube's forthcoming motion to dismiss." Dkt. 40. That should have been the end of it. But not for Stebbins. Undeterred, he recycles the argument here.

    The history shows just how specious Stebbins' argument is. After he commenced this lawsuit, but long before YouTube was served, Judge Gilliam screened Stebbins' Complaint pursuant to a standing vexatious litigant order against Stebbins in the District. Judge Gilliam, on his own, concluded the complaint was "frivolous," and barred its filing. *Stebbins v. Doe*, No. 4:24-mc-80179-HSG (N.D. Cal. Aug. 13, 2024), Dkt. 19. Stebbins appealed and the Ninth Circuit reversed in part and remanded to "permit the proposed complaint to proceed only as to the claims for copyright infringement regarding the four videos." Order at 3. While the Order passingly

quotes language from an IFP screening case[1] about "fil[ing] an answer," *id.* at 2-3 (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012)), it mandated only that Stebbins' Complaint be permitted to "proceed" in part past the vexatious litigant screen on certain copyright claims, with the Ninth Circuit explicitly "express[ing] no view on the merits of Stebbins's claims ***or the availability of any defenses***," *id.* at 3 (emphasis added). Nowhere in the Order does the Ninth Circuit forbid YouTube from filing a motion to dismiss, nor could it, since YouTube was not yet even in the case.

Even if Stebbins' reading of the Order were correct (it is not), this Court has discretion to accept YouTube's Motion because "the evidence on remand is substantially different" from what was before Judge Gilliam and the Ninth Circuit in connection with the vexatious litigant screen. *Fallstead v. Colvin*, 2017 WL 3579568, at *4 (N.D. Cal. May 26, 2017) (citation omitted). When reviewing Stebbins' Complaint, neither court had the benefit of viewing the allegedly infringing videos incorporated by reference into the Complaint, and therefore neither could conduct a fair use analysis. YouTube has now properly put these videos before the Court in support of its Motion, *see* Dkts. 45-2, 45-5, 45-7, 45-9, 45-13, 45-14, 45-15 (allegedly infringing Creetosis videos), and the videos confirm that Stebbins is once again suing over manifestly fair-use criticism. *See, e.g.*, *Stebbins v. Alphabet Inc.*, 2025 WL 2233208, at *4 (N.D. Cal. July 2, 2025) (reviewing allegedly infringing Creetosis videos submitted with motion to dismiss and holding that they were fair use "as a matter of law").

## **CONCLUSION**

Stebbins' MTS is just the latest in a long line of improper filings aimed at making it as expensive and time consuming as possible for YouTube to end his misguided campaign of copyright litigations. *See*, *e.g.*, *Stebbins v. Alphabet Inc. et al.*, No. 22-cv-00546-JSW (N.D. Cal. Feb. 10, 2025), Dkt. 65 (denying Stebbins' motion to strike portions of YouTube's motion to dismiss); *Stebbins v. Polano*, No. 4:21-cv-04184-JSW (N.D. Cal. July 11, 2022), Dkt. 134 at 1 (admonishing Stebbins for his "efforts to manipulate the litigation process and his blatant

---

[1] As noted, Judge Gilliam screened Stebbins' Complaint pursuant to the vexatious litigant order, not the IFP statute.

gamesmanship" after he voluntarily dismissed YouTube's parent, Alphabet Inc., to evade a ruling on Alphabet's motion to dismiss); *Stebbins v. Google LLC*, 2023 WL 6139454, at *5, *8, *11 (N.D. Cal. Aug. 31 2023) (denying Stebbins' "improper" motion to strike Google's motion to dismiss). YouTube respectfully requests that the Court deny it.

Dated: October 1, 2025

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ *Jeremy P. Auster*

Jeremy P. Auster (*admitted pro hac vice*)
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
E-mail: jauster@wsgr.com

Laura Hernandez, State Bar No. 344641
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
E-mail: lhernandez@wsgr.com

*Counsel for Defendant YouTube, LLC*